# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>AUSTIN ALAN RAY,<br><br>*Defendant.* | Case No. 11-10029-EFM |

## MEMORANDUM AND ORDER

Before the Court is Defendant's motion to withhold a finding of guilt until sentencing (Doc. 17) and motion for reconsideration of detention (Doc. 20). The Court ruled on both matters from this bench. This Order memorializes the Court's detailed rulings from the bench.

On August 22, 2011, at the Defendant's change of plea hearing, the Court overruled the motion to withhold the finding of guilt (Doc. 17) and accepted defendant's guilty plea. Defendant pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), which is an offense meeting the description in 18 U.S.C. § 3142(f)(1)(A). Accordingly, when the Court accepted the plea, it found that the provisions of 18 U.S.C. § 3143(a)(2) applied, and that the defendant should be detained while awaiting the imposition of sentencing. Defendant indicated that it would seek review of that order, and release pending the imposition of sentencing, pursuant to 18 U.S.C. § 3145(c). Moreover, Defendant requested a brief continuance to enable him to make the

showing required by that statute. The Government did not object to the continuance, and the Court scheduled the matter for the next day, August 23, 2011.

In a written motion and in oral arguments to the court, the defendant argued that the exceptional reasons warranting his release were his "behavior while on bond, his continued employment, lack of criminal history, and his continued counseling since the execution of the search warrant in early November 2010."[1] The defendant noted that it is uncommon for a defendant to go into counseling on his own, and that such an action constituted exceptional behavior. In addition to considering the arguments of the defendant, this court also reviewed several letters submitted on the defendant's behalf.

For release under § 3145(c), a defendant must first make a showing by clear and convincing evidence that the requirements of § 3143(a)(1) that he is "not likely to flee or pose a danger to the safety of any other person or the community if released." Following such showing, the defendant must then "clearly show[] that there are exceptional reasons why such person's detention would not be appropriate."[2] To determine what may constitute an exceptional reason for release, the circumstances cannot be common or ordinary, such as family or gainful employment.[3] An example of an exceptional circumstance is when detention would unjustly extend a defendant's incarceration because the defendant's minimal culpability indicates a short sentence.[4]

---

[1] Doc. 20, p. 2.

[2] 18 U.S.C. § 3145(c); *see United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997).

[3] *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003).

[4] *Id.* at 1150.

At the conclusion of the August 23, 2011 hearing, the Court held that the defendant had not clearly shown that the circumstances of his case meet the "exceptional reason" threshold exception. The defendant argued that he voluntarily entered counseling and is making progress. Although this court commends the defendant's motivation to seek help, it is not an exceptional reason that merits a conclusion that the defendant's detention "would not be appropriate." As such, the defendant was ordered detained and remanded to the custody of the United States Marshals.

**IT IS THEREFORE ORDERED** that defendant's motion for order to withhold a finding of guilt (Doc. 17) and motion for reconsideration of detention order (Doc. 20) are DENIED.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2011.

                                               ERIC F. MELGREN
                                               UNITED STATES DISTRICT JUDGE