## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff/Respondent,*

vs.

    Case No. 11-10029-EFM-1

AUSTIN ALAN RAY,

    *Defendant/Petitioner.*

### MEMORANDUM AND ORDER

Petitioner Austin Alan Ray moves the Court to modify his sentence in light of an amendment to the Sentencing Guidelines (Doc. 78). Although Ray styles his motion as one brought under § 2255, he is actually seeking a remedy afforded under 18 U.S.C. § 3852(c)(2). Ray argues Amendment 801 to the Sentencing Guidelines should apply retroactively, and his sentence should be modified accordingly. Because Amendment 801 is not retroactive, Ray's motion is denied.

### I.    Factual and Procedural Background

In August 2011, Austin Alan Ray pleaded guilty to the knowing, intentional, and unlawful receipt of child pornography. There was no plea agreement. In its Presentence Investigation Report, the U.S. Probation Office calculated Ray's total offense level to be 34, comprising a base offense level of 22, several conduct-based enhancements, and a downward

adjustment for acceptance of responsibility and a timely guilty plea.  One of the enhancements was a two-level enhancement for the distribution of child pornography.[1]  The Court applied that enhancement because Ray used a peer-to-peer file-sharing program, notwithstanding the fact that he did not know that the program was capable of sharing files.[2]  All told, the Sentencing Guidelines range for Ray was 151 to 188 months' imprisonment.  But the Court sentenced Ray to 102 months' imprisonment, well below the Guidelines range.

Ray filed a direct appeal, arguing that the two-level enhancement for distribution was improper because he did not knowingly share any files.  The Tenth Circuit rejected that argument, holding that the enhancement for distribution did "not require that a defendant know about the distribution capability of the program he is using to view child pornography."[3]  Following the Tenth Circuit's decision, Ray filed a motion for this Court to vacate his sentence under 28 U.S.C. § 2255.  The Court denied Ray's motion, and declined to issue of a certificate of appealability ("COA").[4]  Ray then sought a COA from the Tenth Circuit, but his request was denied.[5]

In November 2016, Ray filed the instant motion, which he professes to bring under § 2255.  The Government responded to Ray's motion by noting that this is Ray's second § 2255 motion and Ray has not obtained prior authorization for the filing from the Tenth Circuit.  Ray

---

[1] *See* U.S.S.G. § 2G2.2(b)(3)(F).

[2] *United States v. Ray*, 704 F.3d 1307, 1312 (10th Cir. 2013) (noting that at the time Ray was sentenced, § 2G.2(b)(3)(F) did not contain a mens rea requirement for the enhancement to apply).

[3] *Id*. at 1311-12.

[4] *See United States v. Ray*, 2014 WL 1646889 (D. Kan. Apr. 23, 2014).

[5] *See United States v. Ray*, 587 F. App'x 469 (10th Cir. 2014).

filed a reply, arguing that he should be allowed to proceed. Ray's motion is now ripe for the Court's consideration.

## II.   Analysis

The Government contends that the Court must dismiss Ray's motion for lack of jurisdiction. Under § 2255(h), a second or successive § 2255 motion must be authorized by the Tenth Circuit before it can proceed in district court.[6] The Government argues that this is Ray's second § 2255 motion and that he does not have authorization from the Tenth Circuit. Thus, the Government argues that the Court must dismiss the motion for lack of jurisdiction.[7]

In making its argument—that the Court must dismiss Ray's second § 2255 motion—the Government misses an important detail: Ray's filing is not actually a § 2255 motion. The Government's position is understandable; Ray's motion is styled as one brought under § 2255 and uses language mirroring that statute. The 37-page filing is awash with legal-sounding jargon and convoluted references to constitutional violations related to his sentence.

But "[i]t is the relief sought, not [the] pleading's title that determines whether the pleading is a § 2255 motion."[8] And the most coherent claim that the Court was able to glean from Ray's filing was that a "clarifying amendment" to the Sentencing Guidelines, dated November 1, 2016, requires that the Court modify Ray's sentence. The "clarifying amendment" that Ray relies on is Amendment 801. Amendment 801 went into effect on November 1, 2016, and requires that distribution of child pornography be done knowingly for the two-level

---

[6] *United States v. Holly*, 444 F. App'x 309, 311 (10th Cir. 2011).

[7] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

[8] *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

enhancement to apply.[9]  In fact, the Sentencing Commission cited Ray's direct appeal in explaining its intent to clarify the applicable enhancement.[10]  Ultimately, Ray contends that he is "entitled to sentence remand and revision" in light of Amendment 801.  In other words, Ray's real argument appears to be that Amendment 801 should be deemed retroactive and applied to his sentence.  And that argument is one that is properly brought under 18 U.S.C. § 3852(c)(2).[11]

To that end, the Court will construe Ray's filing as a motion to modify his sentence under § 3852(c)(2).  Ray faces no jurisdictional barriers in filing a § 3852(c)(2) motion.  Nonetheless, he is not entitled to relief.  The Court can only modify a sentence in limited circumstances that are not present here.

Section 3852(c)(2) provides that the Court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  That subsection further provides that the Court may only order such a reduction when it is "consistent with applicable policy statements issued by the Sentencing Commission."[12]

Those "applicable policy statements" can be found in § 1B1.10 of the Sentencing Guidelines.[13]  Section 1B1.10 addresses the reduction of a sentence as a result of an amended guideline range, and enumerates the amendments that are to be applied retroactively.  "Under

---

[9] U.S.S.G. Supp. to App'x C, Amend. 801; *see also United States v. Franco*, 659 F. App'x 960, 962 n.1 (10th Cir. 2016).

[10] *Notice of Submission to Congress of Amendments to the Sentencing Guidelines*, 81 FR 27262-01, 27268, (U.S. Sentencing Comm'n May 5, 2016).

[11] *United States v. Aikman*, 2016 WL 7210721, at *1 (D. Kan. Dec. 13, 2016) (citations omitted) ("Arguments grounded on amendments to the Guidelines are properly brought under 18 U.S.C. § 3852, not as § 2255 claims.").

[12] 18 U.S.C. § 3852(c)(2).

[13] U.S.S.G. § 1B1.10; *see also United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993).

Tenth Circuit precedent, only those amendments which are explicitly enumerated . . . are deemed to be retroactive."[14]  Amendment 801 is not one of those enumerated amendments.[15]  Therefore, Ray is not entitled to a reduced sentence in light of Amendment 801.

Because Amendment 801 does not apply retroactively, Ray's motion for a reduced sentence in denied.

**IT IS THEREFORE ORDERED** that Ray's Motion to Modify his Sentence (Doc. 78) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 17th day of March, 2017.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Aikman*, 2016 WL 7210721, at *1 (citing *Avila*, 997 F.2d at 768).

[15] U.S.S.G. § 1B1.10(d); *see also United States v. Hunt*, 2017 WL 727561, at *2 (N.D. Ga. Feb. 24, 2017) ("The Sentencing Commission did not make Amendment 801 retroactive to convictions occurring prior to November 1, 2016.").